OPINION OF THE COURT
Memorandum.
*79 On September 28, 1999, the vehicle in question was reported as stolen, but it was found and returned to the defendant by the Police Department. Shortly thereafter, defendant leased the vehicle and plaintiffs were passengers in the automobile when they were stopped by United States Customs officials at a border crossing. Plaintiffs allege that they were arrested and detained for approximately four hours because the stolen vehicle alarm which was placed on the vehicle had not been cancelled.
Plaintiffs commenced an action seeking damages against defendant for its negligence in failing to cancel the stolen vehicle alarm prior to leasing the vehicle to them. The court below granted defendant’s motion to dismiss the action against it and denied plaintiffs’ cross motion for summary judgment on the ground that defendant did not have a duty to cancel the stolen vehicle alarm.
Contrary to plaintiffs’ contention on appeal, defendant did not owe them a duty to cancel the stolen vehicle alarm before they leased the automobile. Pursuant to Vehicle and Traffic Law § 424 (2), the burden of cancelling the stolen vehicle alarm is on the “appropriate agency” responsible for contacting the owner of the stolen vehicle after it has been recovered. Thus, defendant owed no duty to plaintiffs to cancel the stolen vehicle alarm, nor was it within their control to remove it. Accordingly, the order granting summary judgment dismissing the action against defendant was proper. We note, this harsh result is mandated by the law and can only be remedied by legislative intervention. Plaintiffs’ remaining contention that defendant breached a warranty under the lease agreement is likewise without merit.
Patterson, J. P., Golia and Rios, JJ., concur.